# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KIEL T. GREENLEE,

          Plaintiff,    :    Case No. 3:20-cv-023

                    District Judge Walter H. Rice
- vs -                  Magistrate Judge Michael R. Merz

JUDGE ROBERT W. RETTICH, III, et al,

          Defendants.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Motion to Dismiss for Failure of Defendants Judges Robert W. Rettich, Frederick W. Dressel, and James F. Long (hereinafter the "Judicial Defendants") (ECF No. 8). The Motion was filed and served by mail on February 27, 2020. On February 28, 2020, the Court notified Plaintiff that, pursuant to S. D. Ohio Civ. R. 7.2, his response to the Motion was due to be filed not later than March 19, 2020 (Notice to Pro Se Plaintiff, ECF No. 10). No response has been filed and the Motion is therefore ripe for decision.

A motion to dismiss a case involuntarily is a dispositive motion requiring a recommendation from an assigned Magistrate Judge, rather than a decision. 28 U.S.C. § 636(b).

The Judicial Defendants seek dismissal of the case under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted.

**Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8 (1799). Facts supporting subject matter jurisdiction must be affirmatively pleaded by the person seeking to show it. *Bingham v. Cabot,* 3 U.S. 382 (1798). The burden of proof is on the party asserting jurisdiction if it is challenged. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1935). A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte. Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908); *Capron v. Van Noorden*, 6 U.S. 126 (1804); *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009); *Clark v. United States*, 764 F. 3d 653 (6th Cir. 2014).

The Complaint states Plaintiff's claim as follows:

> This action involves the deprivation of civil rights by each of the Defendants that acted or are currently acting under the color of State law and have deprived Plaintiff of rights secured to him by both the Constitution of the United States and the Constitution of the State of Ohio.

(Complaint, ECF No. 3, PageID 28). Plaintiff alleges this Court has jurisdiction of this case under 28 U.S.C. § 1343[(a)](3). *Id.* at PageID 27. That statute, originally enacted by the Reconstruction Congress, grants the District Courts original jurisdiction

> To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

**Ohio Constitutional Claims**

Part of Plaintiff's claim is that the Judicial Defendants deprived him of rights under the Ohio Constitution. 28 U.S.C. § 1343(a)(3). does not grant jurisdiction to federal courts to redress deprivations of rights created or recognized by state constitutions. Because Plaintiff and all of the Defendants are residents of the State of Ohio, this Court does not have diversity of citizenship jurisdiction over the case. Failure of a state court to follow state law, including a state constitution, does not constitute a violation of the United States Constitution. Failure to abide by state law is not itself a constitutional violation. *Roberts v. City of Troy*, 773 F.2d 720 (6th Cir. 1985). Violation by a State of its own procedural rules does not necessarily constitute a violation of due process. *Bates v. Sponberg*, 547 F.2d 325 (6th Cir. 1976); *Ryan v. Aurora City Bd. of Educ.*, 540 F.2d 222, 228 (6th Cir. 1976). "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995).

Although Plaintiff does not cite 42 U.S.C. § 1983, it is that statute which creates a cause of action against state actors for deprivation of federal constitutional rights, the substance of his claims. However, a claimed violation of a state constitutional right is not cognizable under § 1983.

3

*Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005), *citing Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 174 (3rd Cir. 2004) ("Section 1983 does not provide a cause of action for violations of state statutes."); *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (holding that a violation of a state constitutional right does not give rise to a federal cause of action under § 1983); *Bills v. Henderson*, 631 F.2d 1287, 1298-99 (6th Cir. 1980) (concluding that violation of a state procedural rule is not actionable in a § 1983 suit).

Because this Court does not have subject matter jurisdiction over claims by Ohio plaintiffs against Ohio defendants for violations of the Ohio Constitution, those claims in the Complaint should be dismissed without prejudice for lack of subject matter jurisdiction.

**Federal Constitutional Claims**

Plaintiff also claims the Judicial Defendants deprived him of federal constitutional rights. 28 U.S.C. § 1343(a)(3) does give United States District Courts original jurisdiction over claims for deprivation of such rights by persons acting under color of state law and particularly over claims arising under 42 U.S.C. § 1983. That statute, R.S. § 1979, was adopted as part of the Act of April 20, 1871, and reads, as amended:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress , except that in any action brought against a judicial officer, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section,

4

> any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The statute creates a cause of action sounding essentially in tort on behalf of any person deprived of a federal constitutional right by someone acting under color of state law. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 709 (1999); *Memphis Community School District v. Stachura,* 477 U.S. 299 (1986); *Carey v. Piphus,* 435 U.S. 247 (1978); *Monroe v. Pape*, 365 U.S. 167 (1961). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158 (1992). In order to be granted relief, a plaintiff must establish that the defendant deprived him of a right secured by the U.S. Constitution and the laws of the United States and that the deprivation occurred under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

An important limitation on jurisdiction under 28 U.S.C. § 1343(a)(3) and indeed under 28 U.S.C. § 1331, the general federal question jurisdiction statute, is the so-called *Rooker-Feldman* doctrine. Under that doctrine, when a claim asserted in a federal proceeding is inextricably intertwined with a judgment entered in a state court, the district courts are without subject matter jurisdiction to consider the matter; it must be brought into the federal system by petition for writ of certiorari to the United States Supreme Court. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *Dist. Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983); *Peterson Novelties, Inc. v. City of Berkley,* 305 F.3d 386, 390 (6th Cir. 2002); *In re Sun Valley Foods Co.*, 801 F.2d 186 (6th Cir. 1986); *Johns v. Supreme Court of Ohio,* 753 F.2d 524 (6th Cir. 1985).

The *Rooker-Feldman* doctrine bars relitigation of claims actually raised in state-court proceedings as well as claims that are inextricably intertwined with claims asserted in those proceedings. *Catz v. Chalker,* 142 F.3d 279, 293 (6th Cir. 1998). In practice this means that when granting relief on the federal claim would imply that the state-court judgment on the other issues was incorrect, federal courts do not have jurisdiction. *Pieper v. American Arbitration Assn., Inc.*, 336 F.3d 458 (6th Cir. 2003)(Moore, J.), quoting *Catz*: "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Rooker-Feldman* applies to interlocutory state orders and orders of lower state courts. *Pieper v. American Arbitration Assn., Inc.*, 336 F.3d 458 (6th Cir. 2003)(Moore, J.).

The Judicial Defendants assert all of Plaintiff's claims against them are barred by *Rooker-Feldman*:

> Greenlee's claims against the Judicial Defendants fall within the *Rooker-Feldman* doctrine. The "injuries" that Greenlee is seeking to redress in this matter are the state court judgments; *for example,* the sentencing order in his criminal case before Judge Rettich, or the writ of restitution issued by Judge Long. He alleges each of the Judicial Defendants engaged in some misconduct that – if redressed herein – would render one or more underlying state court judgments or decisions invalid.

(Motion, ECF No. 8, PageID 115. Upon reading the Complaint, the Magistrate Judge finds that this assertion by the Judicial Defendants is accurate: each complained-of act by each of the Judicial Defendants was either entry of a judgment or of an interlocutory order prior to judgment (issuance of a warrant, acceptance of a complaint, etc.) or post-judgment (modification or enforcement of conditions of probation, denial of a stay pending appeal, etc.)

Because the *Rooker-Feldman* doctrine bars exercise of jurisdiction over Plaintiffs' claims against the Judicial Defendants, those claims should be dismissed without prejudice pursuant to Fed.R.Civ.P. 12(b)1) for lack of subject matter jurisdiction.

**Other Defenses**

The Judicial Defendants also seeks dismissal under Fed.R.Civ.P. 12(b)(6) on the basis of, *inter alia*, judicial immunity and the decision in *Heck v. Humphrey,* 512 U.S. 477 (1994).

"The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case." Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil 2d §1356 at 294 (1990); *see also Gex v. Toys "R" Us*, 2007 U.S. Dist. LEXIS 73495, *3-5 (S.D. Ohio, Oct. 2, 2007); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), *citing Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987). Stated differently, a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is designed to test only the sufficiency of the complaint. *Riverview Health Institute LLC v. Medical Mutual of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010). While a ruling on a 12(b)(6) violation does not "resolve" a contest on the merits, it does decide whether a party has pleaded sufficient facts such that, if true, he or she would be entitled to relief.

Federal courts are not to assume jurisdiction hypothetically and reach the merits of cases. When there is no jurisdiction, the proper course is to dismiss the matter on that basis. A court may not assume jurisdiction hypothetically and proceed to the merits "because it carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers." *Patterson v. Haskins,* 470 F.3d 645 (6th Cir. 2006), *citing Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-101 (1998); *United States v. Webb,* 157 F.3d 451 (6th

Cir. 1998), also quoting *Steel Co.* In *Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 197 L.Ed 2d 1 (2017), the Supreme Court held that a court of appeals should not decide the merits of a habeas corpus case on an application for a certificate of appealability, but just the debatability question because to put the merits question first is to decide the merits without jurisdiction.

Because, by virtue of *Rooker-Feldman,* this Court does not have jurisdiction of the subject matter of this case, the Complaint should be dismissed on that basis without reaching the other defenses raised by the Judicial Defendants.

**Conclusion**

Because this Court does not have subject matter jurisdiction over claims of violation of the Ohio Constitution brought by an Ohio resident against other Ohio residents, Plaintiff's Ohio constitutional claims should be dismissed without prejudice. Because the Court's exercise of subject matter jurisdiction over Plaintiff's federal constitutional claims is barred by *Rooker-Feldman*, those claims should also be dismissed without prejudice[1]. Because reasonable jurists would not disagree with this conclusion, the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 23, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[1] The Judicial Defendants request dismissal with prejudice, but that would imply a decision on the merits.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail on Plaintiff, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.