# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KIEL T. GREENLEE,

            Plaintiff,    :    Case No. 3:20-cv-023

                                                    District Judge Walter H. Rice
- vs -                                        Magistrate Judge Michael R. Merz

JUDGE ROBERT W. RETTICH, III, et al,

            Defendants.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Motion for a Temporary Emergency Injunction (ECF No. 2). The Defendants Robert Rettich III, Frederick W. Dressel, and James Long (the "Judicial Defendants") along with Defendant Jennings, opposed the Motion February 27, 2020 (ECF No. 9). Under S. D. Ohio Civ. R. 7.2, Plaintiff was allowed until February 12, 2020, to file a reply in support, but has not done so. The Motion is thus ripe for decision.

Motions for injunctive relief are classified as dispositive under the Magistrates' Act, requiring a recommended disposition rather than a decision from an assigned Magistrate Judge. 28 U.S.C. § 636(b).

Plaintiff avers that he was convicted in the Miamisburg Municipal Court, over which Defendant Rettich presides and of which Defendant Jennings is the Chief Probation Officer, in that court's Case No. 18 TRC 04467 on some date fewer than thirty days before October 21, 2019

1

(Motion, ECF No. 2, PageID 39). On that date is appointed counsel filed a notice of appeal and a motion to stay pending appeal. Defendant Rettich denied that motion, but by Plaintiff's theory he did not have jurisdiction to do so because in Ohio a judge loses jurisdiction over a case when a notice of appeal is filed. Later, on November 15, 2019, Defendant Rettich issued a warrant for Plaintiff's arrest for an alleged probation violation, again without jurisdiction to do so on the same theory. Plaintiff asks this Court to enjoin Defendant Rettich from taking any further action to enforce his judgment of conviction and sentence, including action on the arrest warrant, until the Ohio Second District Court of Appeals has issued its mandate.

The jurisdiction of this Court to interfere with the enforcement of a state court criminal conviction[1] is limited by 28 U.S.C. § 2254. The Supreme Court has carefully drawn distinctions between federal court authority to review the conditions of execution of a sentence under 42 U.S.C. § 1983 and authority to review the conviction itself, including ancillary claims such as are made here. *Preiser v. Rodriquez*, 411 U.S. 475 (1973). When a complaint purports to be under 42 U.S.C. § 1983 as this one does but seeks release or even if findings of illegal conviction would be a necessary predicate to granting requested money damages, a federal court must await exhaustion before proceeding either in habeas or 1983. *Hadley v. Werner*, 753 F.2d 514 (6th Cir. 1985). For example, a federal district court can restrain the State under § 1983 from using an unconstitutional method to execute someone, but can relieve the prisoner from the conviction and sentence only in habeas corpus. See *Nelson v. Campbell,* 541 U.S. 637 (2004) - vein cut down case - can be brought in § 1983 because it is about means of execution. *Hill v. McDonough,* 547 U.S. 573 (2006)(same).

---

[1] Plaintiff does not recite the offenses of which he was convicted. The Magistrate Judge takes judicial notice of the fact that the Ohio Supreme Court's Superintendence Rules have for many years prescribed use of the TRC case designation in Ohio municipal courts to cases in which the most serious offense charged was operating a motor vehicle while under the influence of alcohol (OMVI). The Court infers that Plaintiff was charged with OMVI, whether or not he was convicted of that charge.

2

A federal district court cannot hear a habeas corpus case until the defendant has exhausted available state court remedies. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Plaintiff's Motion reveals that he has not yet received a decision on appeal from the Second District. *A fortiori*, he has not yet received a decision on further appeal to the Supreme Court of Ohio, but that is a remedy he must also exhaust before this Court can hear his case. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

Because the Court does not have jurisdiction under § 1983 to consider the issues Plaintiff now raises, his Motion for Temporary Emergency Injunction should be DENIED.

March 23, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served on Plaintiff by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.