# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KIEL T. GREENLEE,

        Plaintiff,    :    Case No. 3:20-cv-023

                              District Judge Walter H. Rice
- vs -                         Magistrate Judge Michael R. Merz

JUDGE ROBERT W. RETTICH, III, et al,

        Defendants.    :

## REPORT AND RECOMMENDATIONS ON THE MOTIONS TO DISMISS OF DEFENDATS EVERETT, DENLINGER, AND JENNINGS

This case under 42 U.S.C. § 1983, brought *pro se* by Plaintiff Kiel Greenlee, is before the Court on the Motion to Dismiss of Defendant John Everett (ECF No. 11) and the joint Motion to Dismiss of Defendants Lori E. Denlinger and Chantelle Jennings (ECF No. 13). As to both Motions, the Court gave Plaintiff Notice of his deadline for responding (ECF Nos. 12 & 15). Thereafter Plaintiff requested an extension of time to respond (ECF No. 20), which the Court granted in part, extending Plaintiff's time to March 31, 2020 (ECF No. 22).  That time has expired and Plaintiff has filed no opposition.

**Motion of Defendant Everett**

Defendant Everett is the prosecutor for the City of Kettering and is sued for acts done in that capacity. He seeks dismissal under Fed.R.Civ.P. 12(b)(1) with respect to any portion of the Complaint which seeks to set aside, enjoin the enforcement of, or have declared unlawful any acts of the Kettering Municipal Court. For reasons given in two Reports and Recommendations on the Motion of the Judicial Defendants in this case, this Court lacks jurisdiction to review the decisions of that court, except in habeas corpus. To the extent the Complaint seeks such relief, it is beyond our jurisdiction under the *Rooker-Feldman* doctrine and *Younger v. Harris*, 401 U.S. 37 (1971).

Prosecutor Everett also pleads the protection of prosecutorial immunity. Acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Burns v. Reed*, 500 U.S. 478 (1991); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Koubriti v. Convertino*, 593 F.3d 459 (6th Cir. 2010). This absolute immunity does not extend to investigatory activity, advising police, or personnel matters. *Burns, supra.* It does apply to presenting allegedly false or defamatory testimony or making false or defamatory statements in judicial proceedings. *Burns*. The Complaint does not allege any acts by Mr. Everett outside the protection of prosecutorial immunity.

It is accordingly recommended that the Complaint be dismissed as to Prosecutor Everett.

**Motion of Defendants Denlinger and Jennings**

Defendants Lori Denlinger, prosecutor for the Miamisburg Municipal Court, and Chantelle Jennings, the Chief Probation Officer of that court, seek dismissal of the Complaint in this case as against them, pursuant to Fed.R.Civ.P. 12(b)(1) and (6) (ECF No. 13).

To the extent Plaintiff seeks in this case to have this Court review judicial acts of the Miamisburg Municipal Court in which these Defendant participated, this Court lacks subject matter jurisdiction pursuant to the Rooker-Feldman doctrine.

To the extent Plaintiff seeks to impose personal liability on Ms. Denlinger for the acts she is alleged in the Complaint to have done, she is entitled to absolute prosecutorial immunity. Mr. Jennings as an officer of that court is entitled to absolute quasi-judicial immunity on the authority cited in her Motion. Since Plaintiff has not filed any opposition to this Motion, elaborate discussion is not required.

April 23, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.