# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KIEL T. GREENLEE,

        Plaintiff,      :      Case No. 3:20-cv-023

                                  District Judge Walter H. Rice
- vs -                          Magistrate Judge Michael R. Merz

JUDGE ROBERT W. RETTICH, III, et al,

        Defendants.      :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON THE MOTION TO DISMISS OF THE JUDICIAL DEFENDANTS AND ON PLAINTIFF'S FIRST MOTION FOR TEMPORARY EMERGENCY INJUNCTION

This case under 42 U.S.C. § 1983, brought *pro se* by Plaintiff Kiel Greenlee, is before the Court on Plaintiff's Objections (ECF No. 24) to the Magistrate Judge's Report and Recommendations recommending dismissal of Defendant Judges Robert W. Rettich, Frederick W. Dressel, and James F. Long (hereinafter collectively the "Judicial Defendants")("Report No. 1," ECF No. 17)and the separate Report recommending denial of Plaintiff's first Motion for a Temporary Emergency Injunction ("Report No. 2, "ECF No. 18). Judge Rice has recommitted both Reports for reconsideration in light of the Objections (ECF No. 25).

1

**The Judicial Defendants' Motion to Dismiss**

In recommending that the Judicial Defendants' Motion to Dismiss (ECF No. 8) be granted, Report No. 1 noted that Plaintiff's memorandum in opposition to the Judicial Defendants' Motion to Dismiss was due to be filed by March 19, 2020, but had not been filed as of the date Report No. 1 was prepared, March 23, 2020. Plaintiff begins his Objections by claiming Judge Dressel and Defendant Everett proceeded with a trial of Plaintiff in Kettering Municipal Court on February 26, 2020, "in order to interfere with this action. . . . by placing Plaintiff in custody at the Montgomery County Jail in order to obtain a favorable judgment in this case of dismissal by interfering with Plaintiffs deadline to file an opposition to the Motion to Dismiss. (Objections, ECF No. 24, PageID 182, 183). Plaintiff notes that the Judicial Defendants' Motion to Dismiss was filed February 27, 2020, one day after he was taken into custody in his criminal case before Judge Dressel. Plaintiff claims he did not learn of either the Motion to Dismiss or the deadline for responding until March 23, 2020, the day after he was released from the Montgomery County Jail. Because the case has been recommitted, the Magistrate Judge will consider Plaintiff's arguments on the merits as if they had been timely made by the March 19, 2020, deadline.

In Report No. 1, the Magistrate Judge recommended that the claims against the Judicial Defendants be dismissed without prejudice for lack of subject matter jurisdiction under the *Rooker-Feldman* Doctrine (Report No. 1, ECF No. 17, PageID 160-62).

Greenlee objects. He relies on the distinction recognized by the Sixth Circuit in *McCormick v. Braverman,* 451 F.3d 382, 393 (6th Cir.2006), where the court explained that, for *Rooker-Feldman* to apply, in light of *Exxon Mobil v. Saudi Basic Industries, Corp.*, 544 U.S. 280 (2005), the harm to plaintiff must flow from the state court judgment, not from actions of others in obtaining that judgment. The Sixth Circuit has ratified that distinction in other decisions after *Exxon Mobil*. *Todd*

*v. Weltman, Weinberg, & Reis Co., L.P.A.,* 434 F.3d 432 (6th Cir. 2006)(*Rooker-Feldman* does not apply where harm flows not from the state court judgment, but from filing a false affidavit in the state court proceeding.) For example, it does not preclude a claim that the state court judgment was procured by fraud. *Brown v. First Nationwide Mortg. Corp.,* 2006 U.S. App. LEXIS 28077 (6th Cir. 2006). The pertinent inquiry after Exxon Mobil is whether the state court judgment is the source of the injury. *Kovacic v. Cuoyahoga County Dep't of Children and Family Services*, 606 F.3d 301, 309 (6th Cir. 2010).

Greenlee says his claims fall outside the *Rooker-Feldman* bar:

> Here Defendants contend that this Court does not have jurisdiction to review Plaintiff's claims pursuant to the *Rooker-Feldman* doctrine arguing that Plaintiff is asking for relief from state court judgments. This is perverse argument of Plaintiff's claims. At no point in the Complaint has Plaintiff state [sic] a claim for relief based upon the state court judgments themselves nor has he requested relief that this Court review those judgments or reject those judgments. Instead, Plaintiff brings a permissible claim in accordance with the above cited jurisprudence against Defendants for their third-party actions in pursuit of criminal proceedings violative of Plaintiff's federally protected constitutional rights. The source of Plaintiff's injuries in this action is not that of the state court judgments themselves, but rather, is based upon the criminal actions of the Defendants, bad faith constitutional violations in pursuit of criminal proceedings to harass that were not and are not being pursued in any good faith efforts with any expectation of securing valid convictions, but rather are part of a plan that employed and employs continued arrests, seizures, and threats of prosecution under color of state statutes to harass Plaintiff and discourage Plaintiff from seeking vindication of his rights through state court appeals or otherwise. Defendants in each case knew that the pursuit of the criminal prosecutions were against Ohio law and were violative of Plaintiffs rights to Due Process and Equal Protection secured by the Fourteenth Amendment, United States Constitution and Fourth Amendment protections thereof. Plaintiff's other sources of injury are that of Defendants' actions of violating state laws and jurisdictional prohibitions while Plaintiff is on appeal in state court that also

3

> violate of the same constitutional protections above. Thus, Plaintiff's injuries are not that of the state court judgments themselves as required by Exxon, supra. While factual allegations do involve several previous judgments in state court, Plaintiff is not seeking "only ... to reverse or set aside the state court ... judgments." *Hines v. Franklin Sav. & Loan*, No. 1:09-CV-914, 2011 WL 882976, at *3 (S.D. Ohio Jan. 31, 2011). Rather, Plaintiff is seeking to hold the Defendants liable for the individual actions and roles in violation of his constitutional rights in the course of obtaining such judgments and their conspiracy in the same.

(Objections, ECF No. 24, PageID 188-89.)

In recommending dismissal under *Rooker-Feldman,* the Magistrate Judge found "each complained-of act by each of the Judicial Defendants was either entry of a judgment or of an interlocutory order prior to judgment (issuance of a warrant, acceptance of a complaint, etc.) or post-judgment (modification or enforcement of conditions of probation, denial of a stay pending appeal, etc.)"  (Report No. 1, ECF No. 17, PageID 161.)  Greenlee does not dispute that characterization of the acts he complains of, but says "Plaintiff seeks equitable relief against Defendants and *not* that this Court review or reject the state court judgments, *RookerFeldman* does not apply." (Objections, ECF No. 24, PageID 189).

This claim in the Objections is belied by the "Relief Requested" paragraph of the Complaint:  "Plaintiff seeks declaration that Defendants actions are unlawful and unconstitutional. Moreover, Plaintiff seeks injunction to stop Defendants from further future acts of the same." There is no legal difference between declaring that the judicial acts of state court judges are "unlawful and unconstitutional" and reviewing those acts as if on appeal.  This is precisely what

*Rooker-Feldman* forbids. A federal district court has no authority to declare state judges' acts unlawful.[1]

An alternative way to read the Complaint is to see Plaintiff as claiming the Judicial Defendants have formed an extra-judicial conspiracy to deprive him of his constitutional rights and are using their judicial authority to carry out that conspiracy. If that is what Plaintiff is intending to allege, his Complaint is barred by *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* requires federal courts to abstain from exercising jurisdiction where (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n.,* 457 U.S. 423, 432 (1982); *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995); *Nilsson v. Ruppert, Bronson & Chicarelli Co.,* 888 F.2d 452, 454 (6th Cir. 1989). *Ohio Civil Rights Com. v. Dayton Christian Schools, Inc.*, 477 U.S. 619 (1986). Thus this Court may not act to enjoin the Judicial Defendants from bringing criminal proceedings against Greenlee because any constitutional rights of his which may be violated in those proceedings can be vindicated on direct appeal to the Ohio second District Court of Appeals.

Regardless of which way the Complaint is read, this Court is prohibited from exercising jurisdiction over the Judicial Defendants. It is therefore again respectfully recommended that that Complaint be dismissed as to the Judicial Defendants without prejudice for lack of jurisdiction. Because it would be improper to reach the merits of a case over which we do not have or may not exercise jurisdiction, no recommendation is made on the Fed.R.Civ.P. 12(b)(6) portion of the Judicial Defendants' Motion to Dismiss (ECF No. 8).

---

[1] Except, of course, in the exercise of our habeas corpus jurisdiction. Once Greelee has exhausted available state court remedies, he will be free to bring a habeas action in this Court under 28 U.S.C. § 2254.

**First Motion for Temporary Emergency Injunction**

Along with the Complaint, Plaintiff filed a Motion for Temporary Emergency Injunction which sought to restrain enforcement of a criminal judgment from the Miamisburg Municipal Court (ECF No. 2). In Report No. 2, the Magistrate Judge recommended denying that Motion because federal district courts have no jurisdiction to interfere with the enforcement of a state court criminal in an action under 42 U.S.C. § 1983 such as this.

Plaintiff's Objections refer to the "Magistrate's Report and Recommendation filed on March 23, 2020 for the foregoing reasons." Since both Reports 1 and 2 were filed that date, the Court supposed the Objections would address both Reports, but in fact no objection is made to Report No. 2. The Magistrate Judge therefore adheres to the recommendation made in that Report.

April 23, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.